IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT NELSON HOWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 04-945-GPM |
| | ) |
| MICHAEL THOMPSON, | ) |
| MICHAEL NOWACOSKI, and | ) |
| ROBERT GLYNN, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

    Plaintiff Robert Nelson Howell, currently an inmate in the United States Penitentiary in Terre Haute, Indiana, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Howell previously was granted leave to proceed *in forma pauperis*; instead of remitting just the initial partial filing fee as ordered, he has now paid the full filing fee of $150.

    This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such

relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and, thus, subject to summary dismissal.

In this action, Howell alleges, vaguely but belligerently, that Defendants distorted and manufactured evidence against him, among other nefarious actions. These actions were apparently taken as part of a criminal investigation and prosecution of Howell in this District. *See United States v. Howell*, Case No. 98-CR-30200-DRH (S.D. Ill., filed Dec. 22, 1998). Although he seeks millions of dollars in damages against Defendants for these allegedly unconstitutional acts, Howell is, in effect, challenging the validity of those prior criminal proceedings.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the

conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 488.  *See also Okoro v. Callaghan*, 324 F.3d 488, 489 (7th Cir. 2003).

The Court takes judicial notice of the following chronology of events:  in June 2000, pursuant to a plea agreement and stipulations of fact, Howell pleaded guilty to charges involving the distribution of cocaine, crack cocaine, and marijuana.  *See Howell, supra*, Case No. 98-CR-30200 (Doc. 179-181).  He did not file a direct appeal, but later he filed a motion under 28 U.S.C. § 2255, which was denied on the grounds that, as part of his plea agreement, he had waived his right to file such a challenge.  *Howell v. United States*, Case No. 01-CV-607-DRH (S.D. Ill., filed Sept. 13, 2001), *appeal denied*, Appeal No. 03-3535 (7th Cir., decided Sept. 25, 2003).

While that § 2255 motion was pending, Howell's motion for remission of his automobile was denied on January 10, 2003, *Howell, supra*, Case No. 98-CR-30200 (Docs. 338, 346), and Howell appealed that decision, *id.* at Doc. 347.  The Seventh Circuit reversed and remanded the matter on jurisdictional and procedural grounds, finding that Howell may not have had notice of the DEA's intention to seize his BMW.  *United States v. Howell*, Appeal No. 03-1688 (7th Cir., decided Jan. 13, 2004).  The Circuit also noted that such a challenge should not have been considered as part of the criminal case, but should have been treated as a separate civil case.  *Id.*

Other than this minor victory, Howell's other attempts to challenge either his conviction or the forfeiture of his BMW and other assets have been unsuccessful.  *See Howell v. United States*, Case No. 04-CV-685-DRH (S.D. Ill., filed Sept 13, 2004) (a "petition for sanctions pursuant to Federal Rules of Civil Procedure 11(b) & (c) and Rules 26 through 37"); *Howell v. United States*, Case No. 04-CV-724-DRH (S.D. Ill., filed Oct. 12, 2004) (second/successive § 2255 petition

dismissed for lack of jurisdiction) (notice of appeal filed April 1, 2005).[1]  It is, therefore, beyond dispute that Howell's criminal conviction has not been reversed, expunged, invalidated, or impugned in any concrete manner that would clear the way for him to seek damages against an assistant United States Attorney and two agents of the Drug Enforcement Agency who may have played some role in his criminal prosecution.

In summary, Howell's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED with prejudice**.  Howell is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED:  05/10/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge

---

[1] The Court also notes that Howell recently filed yet another civil action in this District, *see Howell v. Thompson*, Case No. 05-CV-235-WDS (S.D. Ill., filed April 4, 2005); that action appears to be identical to the instant action.